UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MELVIN CLINTON,

       Plaintiff,

v.

STATE OF MICHIGAN, et al.,

       Defendant
_____/

Case No. 1:24-cv-01110

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff Melvin Lamont Clinton filed his complaint pursuant to 42 U.S.C. § 1983 against the following Defendants: (1) the State of Michigan; (2) the 7th District Court, Van Buren County, Michigan; (3) Judge Arthur Clarke III, who is a judge of that court; and (4) South Haven Police Officer Mike Knizewski. (ECF No. 1.)

Clinton was granted *in forma pauperis* status on October 25, 2024. (ECF No. 4.)

Clinton alleges that he was arrested on September 8, 2024, by Officer Knizewski, and charged with assault with a dangerous weapon and domestic violence. The next day he was arraigned. On September 12, 2024, Judge Clarke III set a $3,000.00 bond, which Clinton posted that day. On October 2, 2024, the charges were dismissed.

Clinton claims that his Fourth and Fourteenth Amendment rights were violated by his alleged false arrest. Clinton also asserts malicious prosecution and

1

abuse of process claims.

In the opinion of the undersigned, the following Defendants are entitled to immunity and should be dismissed from the case: (1) the State of Michigan; (2) the 7th District Court, Van Buren County, Michigan; and (3) Judge Arthur Clarke III.

At this stage of the proceedings, it is respectfully recommended that the complaint proceed against Officer Knizewski only.

**II. Legal Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.* The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the plausibility standard is not equivalent to a

"probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III.    Analysis

#### 1.  The State of Michigan

Clinton sues the State of Michigan because he says that the State is "responsible for law enforcement thorough its agencies, including the 7th District Court Van Buren." (ECF No. 1, PageID.2.)  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).  Therefore, it is

3

recommended that the Court dismiss Plaintiff's claim against the State of Michigan.

### 2. Judge Clarke III

Plaintiff sues Judge Clarke III because he "was the presiding judge over the matters related to Plaintiff's case." (ECF No. 1, PageID.2.) Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11; *see Forrester v. White*, 484 U.S. 219, 229 (1988) (noting that immunity is grounded in "the nature of the function performed, not the identity of the actor who performed it"). Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12; *Bright v. Gallia Cnty.*, 753 F.3d 639, 649 (6th Cir. 2014) (recognizing the difference between an "excess of jurisdiction and the clear absence of all jurisdiction over the subject matter[,]" and noting that only the latter deprives a judge of judicial immunity).

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that arraigning a defendant and setting bond were

4

judicial acts and that Judge Clarke III was acting within his jurisdiction in doing so. Accordingly, it is recommended that the Court determine that Judge Clarke III is absolutely immune from liability.

Moreover, injunctive relief is also not available under § 1983, because, under the 1996 amendments to that statute, injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, in the opinion of the undersigned, any claim for injunctive relief is barred. *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999).

### 3. 7th District Court, Van Buren County

Plaintiff sues the 7th District Court, Van Buren County because he says that "the court is responsible for overseeing the case against Plaintiff." (ECF No. 1, PageID.2.) Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *Jud. Att'ys Ass'n v. Michigan*, 586 N.W.2d 894, 897–98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. Mich. Const. art. VI, § 1 ("The judicial power of the state is vested exclusively in one court of justice which shall be divided into one supreme court, one court of appeals, one trial court of general jurisdiction known as the circuit court, one probate court, and courts of limited jurisdiction that

the legislature may establish by a two-thirds vote of the members elected to and serving in each house"); *Smith v. Oakland Cnty. Cir. Ct.*, 344 F. Supp. 2d 1030, 1055 (E.D. Mich. 2004). The state courts are part of the state government, not the county or the city. *Judges of the 74th Jud. Dist. v. Bay Cnty.*, 190 N.W.2d 219, 224 (Mich. 1971). The Sixth Circuit squarely has held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *Abick*, 803 F.2d at 877. The Sixth Circuit decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton Cnty. Ct. of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Sup. Ct.*, 46 F. App'x 228, 236–37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268–70 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Ct. Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma County Superior Ct.*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir.1995). Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within the meaning of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, it is recommended that the Court dismiss the 7th District Court, Van Buren County on grounds of Eleventh Amendment immunity.

4. **Officer Knizewski**

Plaintiff's complaint against Officer Knizewski is different. Although his complaint is scant on facts, Plaintiff arguably asserts a plausible claim for false arrest, malicious prosecution, and abuse of process against Officer Knizewski. At

this stage of the proceedings, it is recommended that the Court conclude that Plaintiff has stated a claim upon which relief may be granted against Officer Knizewski.

### IV. Recommendation

Accordingly, the undersigned respectfully recommends that the Court dismiss the complaint against (1) the State of Michigan; (2) the 7th District Court, Van Buren County, Michigan; (3) Judge Arthur Clarke III. At this stage of the proceeding, it is recommended that the complaint proceed against South Haven Police Officer Knizewski.

Dated:  November 22, 2024                                    /s/ *Maarten Vermaat*
                                                             MAARTEN VERMAAT
                                                             U. S. MAGISTRATE JUDGE

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).